IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALTER E. BENNETT JR., ) | CASE NO. 8:07CV345 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM |
| ) | AND ORDER |
| GUARDIAN REAL ESTATE, L.L.C., ) | |
| EVOLUTIONS DEVELOPMENT, ) | |
| L.L.C., ROGER HALE, LOUIS ) | |
| WRIGHT, WINSTON LEE, and JOHN ) | |
| AND JANE DOES 1-99, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Filing No. 2), and the plaintiff's Motion for Temporary Restraining Order ("TRO") (Filing No. 5).

Motion to Proceed IFP

Upon review of the plaintiff's financial affidavit the motion to proceed IFP is provisionally granted.

Motion for Temporary Restraining Order

**Factual Background**

On August 31, 2007, plaintiff, William Bennett, filed a Complaint asserting claims of breach of contract and violations of the Fair Housing Act, 42 U.S.C. § 3604. (Filing No. 1.) On that same day, plaintiff filed a motion seeking a TRO pursuant to Fed. R. Civ. P. 65 (b). In his motion, plaintiff asks the court to enjoin the defendants from enforcing the Notice to Vacate and Termination of Lease, which notified plaintiff that, in accordance with

the terms of his lease, his tenancy will not be renewed and will terminate as of midnight September 30, 2007. (Filing No. 1 Exh. 1.)

Defendant Roger Hale and plaintiff met when Hale was the property manager at plaintiff's apartment in the Farnam Building. (Filing No. 1 at ¶ 1.) In 2006, the Farnam Building was sold to Omaha Housing Authority ("OHA"). Upon the sale of the property, plaintiff was given the option of applying for public housing or relocating to another property. Plaintiff asserts that he spoke with Hale about this decision and that Hale informed plaintiff of a new construction, the Nathan townhomes. Plaintiff contends that defendants, Hale, who is now the owner and manager of Guardian Real Estate, and Louis Wright and Winston Lee, owners of Evolutions Development, stated that they would love for plaintiff to move into the Nathan townhomes and looked forward to a relationship with plaintiff for at least three to five years. (Filing No. 1 at ¶ 15.) Plaintiff signed a twelve month lease with the defendant, Evolutions Development, that expires on September 30, 2007. (Filing No. 1 Exh. 2.) Plaintiff contends that he was told by Hale that Hale would have the last word on renewal of the lease and complete control over the property. (Filing No. 1 at ¶ 17.)

After moving into the property, plaintiff alleges that defendants failed to keep the property in the condition promised, and as a result plaintiff had on-going conflicts with his neighbors. (Filing No. 1 at ¶ 19-23). On August 23, 2007, plaintiff received a notice terminating his tenancy effective September 30, 2007. (Filing No. 1 Exh. 1.)

In his complaint and motion, plaintiff asserts that he suffers from "severe aortic stenosis, degenerative joint disease, post traumatic stress disorder and a paranoid personality disorder." (Filing No. 1 Exh. A at pg 1.) Plaintiff further asserts that his wife

suffers from "diabetes, cirrhosis of the liver, portay hypertensive gastropathy, depression and arthritis." (Filing No. 6 at ¶ 2). Plaintiff states that he informed Hale that as a result of his post traumatic stress disorder and paranoid personality disorder he does not get along well with others. (Filing No. 1 Exh A at ¶ 9.)

While the reasons for nonrenewal of plaintiff's lease were not specified in the lease termination, plaintiff believes that he and his wife are being singled out for lease termination based on their disabilities. In support of his discrimination claim plaintiff asserts that other similarly situated nondisabled individuals had their leases renewed, that he is current on his rent, and that he was not given any reason why defendants were terminating his lease.

**Legal Discussion**

In his motion, plaintiff asks this court to issue an ex parte TRO preventing defendants from terminating his lease. When seeking a TRO ex parte the plaintiff must establish by verified complaint or affidavit: (1) irreparable and immediate injury, loss, or damage to the movant before the opposing party can be heard in opposition; and (2) the movant must certify to the court his or her efforts, if any, to give notice, and the reasons why notice should not be required. Fed. R. Civ. P. 65(b). Moreover, the temporary restraining order must expire within 10 days of issuance. *Id.*

In his motion, the plaintiff argues that immediate and irreparable injury, loss, or damage will result to him before the defendants or the defendants' attorney can be heard because plaintiff will be removed from his home by September 30th, and due to his finances and medical restrictions he will have difficulty finding new housing. But any temporary restraining order issued by this court under Rule 65(b) would expire before the

termination of the plaintiff's lease. Furthermore, plaintiff has failed to fully comply with Rule 65(b), as he has not certified any attempt to give the defendants notice of this motion, nor has he provided any reason why notice should not be required.

Moreover, the burden of establishing the necessity of a temporary restraining order or a preliminary injunction is on the movant. *Baker Electric Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994); *Modern Computer Systems, Inc. v. Modern Banking Systems, Inc.*, 871 F.2d 734, 737 (8th Cir. 1989) (en banc). In determining whether preliminary injunctive relief should issue, the Court is required to consider the factors set forth in *Dataphase Systems, Inc., v. C.L. Sys. Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). The Eighth Circuit summarized those factors as follows: when considering a motion for a preliminary injunction, a district court weighs the movant's probability of success on the merits, the threat of irreparable harm to the movant absent the injunction, the balance between harm and the injury that the injunction's issuance would inflict on other interested parties, and the public interest. *Dataphase Systems*, 640 F.2d at 114. "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." *Baker Electric Co-op*, 28 F.3d at 1472 (quoting *Calvin Klein Cosmetics Corporation v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir.1987)).

Here, the plaintiff has not met his burden and established the necessity of a TRO. First, plaintiff has not established that he will likely succeed on the merits. The FHA provides that unlawful discrimination occurs when a dwelling is "den [ied]" to a renter because of that renter's handicap. *See* 42 U.S.C. § 3604(f)(1)(A); *see generally Trafficante*

4

*v. Metropolitan Life Ins. Co.*, 409 U.S. 205, 211-12 (1972) (FHA must be given "generous construction" to carry out " 'policy that Congress consider[s] to be of the highest priority' "(quoted source omitted)). Plaintiff acknowledges in his pleadings that Hale, Wright, and Lee were aware of plaintiff's disability when plaintiff rented the apartment at Nathan townhomes. Furthermore, nowhere in his pleadings, or his Motion for a TRO, does plaintiff identify any specific instances of discrimination during his tenancy at Nathan townhomes. Plaintiff's only basis for his discrimination claim is that his lease was not renewed even though he regularly paid his rent. This alone would be unlikely to establish a claim under the FHA.

Furthermore, with respect to plaintiff's breach of contract claim, the plaintiff has not established that he is likely to succeed on the merits.[1] Plaintiff signed a year lease with the defendants. In accordance with this lease, the plaintiff was given 30 days notice to vacate the property. Plaintiff has not presented the court with any other document that represents that the defendants intended to extend plaintiff's lease beyond September 30, 2007.

Plaintiff has also failed to establish that he will suffer irreparable injury as a result of the termination of his lease. While the court acknowledges that it may be difficult for plaintiff to relocate, plaintiff does have access to income based on his Social Security disability payments and Veteran's compensation, and therefore, could likely find alternate housing if necessary. Accordingly, based on the court's review of the plaintiff's motions and the relevant *Dataphase* factors, the court finds that the plaintiff has not sustained his burden and has failed to establish the necessity of a TRO.

---

[1] It is of note that if the plaintiff's Fair Housing Act claim is dismissed the court may decline to exercise supplemental jurisdiction over any state law claims.

IT IS THEREFORE ORDERED THAT:

1. The plaintiff's Motion to Proceed IFP (Filing No. 2) is provisionally granted;

2. The plaintiff's Motion for a Temporary Restraining Order (Filing No. 5) is denied; and

3. The Clerk of court is directed to set a pro se case management deadline using the following language: Initial Review due by September 21, 2007.

DATED this 10th day of September, 2007.

> BY THE COURT:
>
> s/Laurie Smith Camp
> United States District Judge