## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WALTER E. BENNETT JR., | ) | CASE NO. 8:07CV345 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| GUARDIAN REAL ESTATE, L.L.C., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff filed his pro se complaint on August 31, 2007.  Filing No. 1.  Plaintiff has been given provisional leave to  proceed in forma pauperis.  Filing No. 7.  The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### INITIAL REVIEW OF COMPLAINT

### A.    Summary of Complaint

The plaintiff has filed suit because the lease for his apartment was not renewed. During the summer of 2006, the plaintiff and his family were living in an apartment in the Farnam Building in Omaha, Nebraska.  During the three years they had lived in that building, they had no problems with the tenants or the landlord.  Defendant Roger Hale was the property manager for the building.  Filing No. 1, ¶¶  8, 10.

The plaintiff claims that when the Farnam Building was sold to the Omaha Housing Authority in 2006, he was given the option of applying for public housing assistance or relocating to another property.  Filing No. 1, ¶¶ 9-10.  The plaintiff claims defendant Hale persuaded him to move to a newly constructed housing area, the Nathan Townhomes. Filing No. 1, ¶ 11.  The plaintiff alleges defendants Hale, Wright, and Lee stated they

wanted the plaintiff to live in the Nathan Townhomes for at least three to five years, and the plaintiff agreed to move because he believed he would live in the Nathan Townhomes for at least 42 months. Filing No. 1, ¶¶ 15, 30. The Omaha Housing Authority paid moving expenses and a 42-month relocation allowance to those who moved out of the Farnam Building. Filing No. 1, ¶ 16. The plaintiff executed a 12-month lease with defendant "Evolutions Development c/o Nathan Limited Partnership," owner of Nathan Townhomes. The lease was signed by the plaintiff, and by defendant Hale on behalf of Guardian Real Estate L.L.C., the "Landlord/Manager" of Nathan Townhomes. Filing No. 1, ¶ 17, ex. 2.

After the plaintiff moved, he began having a variety of problems with his neighbors and with a street gang that took over the neighborhood. Filing No. 1, ¶¶ 19-23. The plaintiff alleges that he "stood [his] ground, called the police, and eventually drove the gang off the block for the most part," even though he continued to get "evil looks" from other tenants. Filing No. 1, ¶ 20. The plaintiff alleges that on August 23, 2007, he received notice that his lease would be terminated effective September 30, 2007. The notice was signed by defendant Hale on behalf of defendant Guardian, the property manager of Nathan Townhomes. Filing No. 1, ¶ 24 & ex. 1, p. 11. By that time, the plaintiff had allegedly spent all the 42-month relocation allocation previously received from the Omaha Housing Authority. Filing No. 1, ¶ 16. The plaintiff filed a complaint with the Secretary of Housing and Urban Development (HUD), but due to time constraints, also filed suit in this forum and requested a temporary restraining order.[1] Filing No. 1, ¶ 34.

---

[1]The plaintiff's motion for temporary restraining order was denied by this court on September 10, 2007. Filing No. 7.

2

The plaintiff's complaint, drafted specifically for this forum, states that he believes his lease was not renewed because he protected his property while others did nothing. Filing No. 1, ¶ 26.  In his HUD complaint, incorporated by reference into this federal complaint, the plaintiff alleged the lease was not renewed because he is disabled. Specifically, the plaintiff alleges he suffers from severe aortic stenosis, degenerative joint disease, arthritis of the spine, Post Traumatic Stress Disorder (PTSD), Paranoid Personality Disorder, tinnitus, and chronic prostatitis.  He claims that due to his disabilities, he has marked difficulty in maintaining social functioning and responding appropriately to others.  Filing No. 1, ex. A, p. 1.  He allegedly notified defendant Hale of his diagnosis and social impairments.   Filing No. 1, ex. A, p. 2.  The plaintiff further claims that his wife suffers from diabetes, hepatic cirrhosis, portal hypertensive gastropathy, depression, and arthritis of the wrist, back, and knees.  The plaintiff alleges that his wife needs a transplant, and is constantly fatigued.  Filing No. 1, ex. A, p. 2.

The plaintiff claims that the rental value of similar alternative housing is substantially more than he paid at the Farnam Building, and that the failure to renew his lease has caused great emotional distress.  Filing No. 1, ¶¶ 27-28.  He was seeks $30,000 in compensatory damages, punitive damages for intentional infliction of emotional distress, and injunctive relief.

### B.   Applicable Legal Standards on Initial Review

The court is required to review an in forma pauperis complaint seeking relief to determine whether summary dismissal is appropriate.  See 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  Thus, where a pro

se plaintiff can prove no set of facts that would entitle him to relief, the complaint must be

dismissed.  Conley v. Gibson, 355 U.S. 41, 45-46 (1967); Burke v. North Dakota Dept. of

Corrections and Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002).

**C.**      **Discussion of Claims**.

      1. Theories of Recovery.  The allegations of the plaintiff's federal complaint and his

HUD complaint are inconsistent.  The plaintiff's HUD complaint alleges his lease was not

extended because the plaintiff and his wife are disabled, while the plaintiff's complaint

drafted specifically for this forum states the lease was not renewed because the plaintiff

confronted his disruptive neighbors and the local street gang.  For the purposes of this

initial review, the court will consider the extent to which these allegations support

alternative claims for recovery.

      a.      Federal FHA Claim.

      The Fair Housing Act (FHA), 42 U.S.C.A. § 3601 et seq, "prohibits discrimination,

based on handicap, against any person with respect to the rental of a dwelling or the

provision of related services or facilities." Neudecker v. Boisclair Corp., 351 F.3d 361, 363

(8th Cir. 2003).  A tenant subjected to discrimination in violation of the FHA can bring a

private cause of action for damages.  Neudecker, 351 F.3d at 363 (citing Robinson v.

Gorman, 145 F.Supp.2d 201, 205 (D.Conn.2001)).  "[A]n action brought for compensation

by a victim of housing discrimination is, in effect, a tort action." Meyer v. Holley,  537 U.S.

280, 285 (2003).     The plaintiff's FHA claim is based primarily on the allegations of the

HUD complaint.  The plaintiff's HUD complaint states the plaintiff and his wife have

significant disabilities, defendant Hale knew of plaintiff's disability, and the defendants have

4

refused to allow the plaintiff and his family to remain living in the Nathan Townhomes because the plaintiff is disabled.  The plaintiff alleges he has been damaged as a result of the defendants' discriminatory conduct, and he requests punitive and compensatory damages, both of which can be recovered by plaintiffs who successfully litigate a FHA discrimination claim. Liberally construed, the plaintiff's complaint states a claim for relief under the Fair Housing Act.  See Neudecker, 351 F.3d at 363; U.S. v. Big D Enterprises, Inc., 184 F.3d 924, 932 (8th Cir. 1999); North Dakota Fair Housing Council, Inc. v. Allen, 319 F.Supp. 2d 972, 980 (D. N.D. 2004).

   b.  State Law Claims.

   Based on the plaintiff's complaint, the discussions and assurances received from defendants Hale, Wright, and Lee prompted the plaintiff to agree to move.  This agreement resulted in a clear and unambiguous written lease, the terms of which cannot be altered by parol evidence.   Big River Const. Co. v. L & H Properties, Inc., 268 Neb. 207, 681 N.W.2d 751 (2004).  The plaintiff does not claim the defendants breached the terms of the written lease, and he has therefore failed to state a breach of contract claim.

   The plaintiff also prays for "punitive damages for intentional infliction of emotional distress."  Filing No. 1, p. 6.  The plaintiff has not alleged facts supporting the elements of a Nebraska claim for intentional infliction of emotional distress. See  Kant v. Altayar, 270 Neb. 501, 505, 704 N.W.2d 537, 540 (2005).  In addition, punitive damages cannot be awarded in actions for relief based on Nebraska common law.  Wilfong v. Omaha & Council Bluffs Street Ry. Co., 129 Neb. 600, 262 N.W. 537, 540 (1935).

   2.  The Named Defendants.

The plaintiff has sued Guardian Real Estate L.L.C., Evolutions Development, L.L.C., Roger Hale, Louis Wright, Winston Lee, and John and Jane Does 1-99.  The lease identifies defendant Evolutions as the owner of Nathan Townhomes. The lease termination notice was signed by defendant Hale on behalf of defendant  Guardian, the property "Landlord/Manger" that signed the plaintiff's lease.  The plaintiff's complaint contains no allegations of alleged discriminatory conduct by defendants Wright and Lee, but rather alleges only that these defendants wanted the plaintiff to move to Nathan Townhomes and live there for three to five years.  As to any claim against John and Jane Does 1-99, there are no allegations describing these unnamed individuals or what role they allegedly played in the non-renewal of plaintiff's lease.

Read liberally, the plaintiff's complaint alleges defendant Hale, acting on behalf of defendant Guardian, violated the FHA by discriminating against the plaintiff based on plaintiff's handicaps, and defendant Guardian was the agent who managed Nathan Townhomes for its owner, defendant Evolutions.  Based on this interpretation of the plaintiff's allegations, defendants Hale, Guardian, and Evolutions are properly named as defendants.  Principles of agency and vicarious liability are applicable in actions for recovery under the FHA.  As such, an owner is vicariously liable for the leasehold decisions made by the property manager, and the property manager is vicariously liable for the actions of its agents or employees performed in the scope of their authority or employment. Meyer, 537 U.S. at 285.  However, "in the absence of special circumstances it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by its employees or agents."  Meyer, 537 U.S. at 285. Thus, if defendants Wright and Lee have been named as defendants merely because they

6

are owners or shareholders of either defendant Evolutions or defendant Guardian, the plaintiff's claims against these defendants must be dismissed.

As to plaintiff's claims based on state law, the plaintiff has failed to state a claim on which relief may be granted against any of the named defendants.  As to defendants Wright, Lee, and John and Jane Does, 1-99, the plaintiff has failed to allege a claim on which relief may be granted.  As to defendants Hale, Guardian Real Estate L.L.C. and Evolutions Development, L.L.C., the plaintiff has sufficiently alleged a claim for recovery under the Fair Housing Act.

IT IS ORDERED that:

1.     The plaintiff is given until November 14, 2007, to file an amended complaint, in the absence of which the plaintiff's lawsuit will be limited to a claim against defendants Hale, Guardian Real Estate L.L.C., and Evolutions Development, L.L.C. for violation of the Fair Housing Act;

2.     The Clerk of court is directed to set a pro se case management deadline in this case using the following text:  November 14, 2007–deadline for filing amended complaint; and

3.     Plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

DATED this 29th day of October, 2007.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

7